UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE RENE ABUNDIS,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS; et al.,<br><br>    Defendants.             / | No. C 07-3661 SI (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Steve Rene Abundis, currently an inmate at Calipatria State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## BACKGROUND

In his complaint, Abundis complains about events that occurred at various times from 1991 through 2007, and that occurred at several different prisons as well as while he was out of custody in the early 1990s. He also complains about misdeeds of correctional staff directed at his mother and another acquaintance.

After he filed this action, he requested to withdraw the complaint "but would like to put in e-file computer for any future problems for me [illegible] or for information." Letter rec'd Dec. 12, 2007 (docket # 9). Thereafter, he sent another letter asking about the status of his case and stating that he wanted defendants subpoenaed to be questioned in front of a judge. Letter filed Dec. 31, 2007 (docket # 10).

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint is deficient in numerous ways and it is unclear whether Abundis even wants to go forward with this action. The court will dismiss the complaint and allow Abundis to file an amended complaint curing the deficiencies discussed below. If Abundis does not want to proceed with this action, he should file a request for voluntary dismissal instead of an amended complaint. Whether he dismisses or goes forward, he will remain liable for the filing fee.

The first problem with the complaint is that it includes claims of alleged wrongs to other people. Abundis lists two additional plaintiffs, who apparently are his mother and the mother of his child. As a self-represented litigant, Abundis has no standing to bring claims on behalf of anyone but himself. See Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997). The amended complaint must be limited to claims of violations of Abundis' constitutional rights – he has no authority to assert claims for violations of other people's rights.

The next problem is that many of the allegations are too old to support relief. Abundis' allegations include events that occurred over the last sixteen years. A statute of limitations bars a plaintiff from bringing claims that are stale. The current statute of limitations for § 1983 actions is the two-year period in California Code of Civil Procedure § 335.1. See Silva v. Crain,

169 F.3d 608, 610 (9th Cir. 1999); Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994). California recognizes imprisonment as a disability that tolls the statute of limitations for a maximum of two years when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc. Code § 352.1(a). Thus, absent special circumstances that would further toll the limitations period, Abundis' claims concerning events that occurred before July 2003 are barred by the statute of limitations and should not be repeated in the amended complaint. For example, any claim based on events that occurred in 1991-2000 appears to be time barred and should not be alleged in the amended complaint.

The third problem is that the complaint does not state a claim for relief. Much of Abundis' 14-page complaint is dedicated to discussion of his belief that prison officials are not taking seriously his contention that he has documentation in his file that show he has enemy concerns on various yards at various prisons. To state a claim for deliberate indifference to a prisoner's safety in such a context, the prisoner needs to allege that prison officials knew he had enemies on a yard and put him there with deliberate indifference to a risk of harm to him from other prisoners. See Farmer v. Brennan, 511 U.S. 825, 833 (1994); Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Abundis' complaint is unclear as to whether he actually told guards who his enemies were (instead of told them to look through the archives to find a file in which they were listed). He needs to explain in his amended complaint whether he also alerted prison officials to the names of particular inmates who posed a danger to him (as opposed to merely told them to look up for themselves who his listed enemies were). Abundis also does not allege that he was ever attacked by any of the inmates who allegedly posed a danger to him and, since filing the complaint, has been moved to another prison. In his amended complaint, he should allege if and when he was attacked by other inmates who were his known enemies.

The fourth problem with the complaint is that it states that Abundis received one or more CDC-115s (i.e., rule violation reports) but does not allege whether he was ever found guilty of a rule violation and, if so, the discipline that was imposed. If Abundis wants to assert a due process claim based on the rule violation reports, or any decision to put him in administrative

3

segregation, he needs to identify the particular procedural protection he alleges he was not afforded.

The fifth problem with the complaint is that it is a lengthy 14-page narrative that leaves it to the reader to guess what constitutional violations Abundis is trying to address. Abundis should state each claim separately in his amended complaint. For each claimed violation of his constitutional rights, Abundis must state what occurred, the date(s) on which the events occurred. He also must identify each defendant he proposes to hold liable and allege facts showing what each of those persons did or failed to do that violated his constitutional rights.

Several of Abundis' filings indicate that he thinks the court will investigate claims on his behalf. For example, his letters filed September 7, 2007 (docket # 7) and August 15, 2007 (docket # 4), list several witnesses' names and addresses and appear to ask the court to obtain statements from them. It is Abundis' obligation, not the court's, to assemble the evidence in support of his claim and to present it to the court. The court also does not direct the FBI to investigate a civil litigant's case.

Abundis also sent a letter asking for information about the ECF registration information handout he had received. (Docket # 5). Abundis does not need to do any ECF registration. As an incarcerated and unrepresented litigant, he may continue to file his documents in paper form and will receive documents from the court on paper rather than electronically.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **February 29, 2008**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

4

Plaintiff must promptly inform the court of any change of address. It is not enough that he merely puts a new address as his return address on a filing because the clerical staff does not routinely check addresses on filings against the court records. Plaintiff must file a separate one-page document with a caption of "Notice of Change Of Address" to inform the court of his change of address each time he is moved to a different prison or is released from custody.

IT IS SO ORDERED.

Dated: January 22, 2008

_____
SUSAN ILLSTON
United States District Judge