UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE RENE ABUNDIS, | No. C 07-3661 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS; et al., | |
| Defendants. | |

## INTRODUCTION

Steve Rene Abundis, currently an inmate at High Desert State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. Upon initial review, the court dismissed the complaint with leave to amend, giving specific guidance as to the deficiencies that needed to be cured. Order of Dismissal With Leave To Amend, pp. 2-4. Abundis filed an amended complaint that was limited in scope to claims that prison officials were not taking seriously his enemy concerns. The amended complaint is now before the court for review pursuant to 28 U.S.C. §1915A. This order also will address concerns in the 20+ letters and prison forms, as well as a motion for default judgment, Abundis has filed in the last five months.

## BACKGROUND

When the court dismissed with leave to amend, it provided this guidance to Abundis about amending his safety claim:

> Much of Abundis' 14-page complaint is dedicated to discussion of his belief that prison officials are not taking seriously his contention that he has documentation in his file that show he has enemy concerns on various yards at various prisons. To state a claim for deliberate indifference to a prisoner's safety in such a context, the prisoner needs to allege that prison officials knew he had enemies on a yard and put him there with deliberate indifference to a risk of harm to him from other prisoners. See Farmer v. Brennan, 511 U.S. 825, 833 (1994); Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Abundis' complaint is unclear as to whether he actually told guards who his enemies were (instead of told them to look through the archives to find a file in which they were listed). He needs to explain in his amended complaint whether he also alerted prison officials to the names of particular inmates who posed a danger to him (as opposed to merely told them to look up for themselves who his listed enemies were). Abundis also does not allege that he was ever attacked by any of the inmates who allegedly posed a danger to him and, since filing the complaint, has been moved to another prison. In his amended complaint, he should allege if and when he was attacked by other inmates who were his known enemies.

Order of Dismissal With Leave To Amend, p. 3.

Abundis has divided his 16-page amended complaint into sections for the nine defendants. The first section is for defendant correctional counselor Miranda, who was employed at San Quentin State Prison. Amend. Compl., pp. 3-5. Next are five sections for the five defendants employed at Pleasant Valley State Prison. Id. at 6-13. Last are two sections for the two defendants employed at Calipatria State Prison. Id. at 14-16. The amended complaint alleges the following:

When Abundis went to San Quentin State Prison in May 2005, he informed staff that he was a validated gang drop-out/defector from a prison organization. On one or more unidentified dates thereafter, he requested correctional counselor Miranda to update his enemy list to include inmates Pedia a/k/a Bertillo-Rodriguez and Martinez. Abundis alleges that counselor Miranda refused to update his enemy list and said "what enemy?" Amended Complaint, p. 4. A rule violation report apparently was issued when Abundis refused to go to a particular housing unit, although it was later dismissed. He went to administrative segregation. Eventually, Abundis was told by Miranda that he was going to be recommended for transfer to Pleasant Valley; Abundis protested that he had 2-3 enemies there but eventually was transferred to that prison. Id. at 5. Abundis does not indicate that he was attacked or injured by any of his enemies while he was at San Quentin. The enemy list attached to Abundis' amended complaint has two inmates named Martinez, as well as an inmate named Bertillo listed on it, although the names may have been added later.

2

After Abundis was transferred to Pleasant Valley State Prison on an unstated date, he complained to officials there about his enemies as well as the unsatisfactory responses he had received at San Quentin, but these officials also failed to provide satisfactory responses to him. Apparently, they did not document the enemies on his enemy list. Abundis was housed in the administrative segregation unit for part of the time for refusing cellmates. Eventually, he was transferred to Calipatria State Prison. Abundis does not indicate that he was attacked or injured by any of his enemies while he was at Pleasant Valley.

After Abundis was transferred to Calipatria on or about July 13, 2007, he complained to officials there about his enemies as well as the unsatisfactory responses he had received at San Quentin and Pleasant Valley, but these officials also failed to provide satisfactory responses to him. Apparently, they did not document the enemies on his enemy list. Abundis does not indicate that he was attacked or injured by any of his enemies while he was at Calipatria.

A later filing by Abundis indicates that he was transferred to High Desert State Prison in about June 2008. Docket # 35.

The amended complaint seeks damages, to have his enemy list updated, and to have the defendants fired or disciplined. Also, although the amended complaint mentions only his safety concerns, the attachments to the amended complaint and other records in the file show that Abundis was trying to steer himself to an institution closer to home on the basis of a family hardship.

**DISCUSSION**

A.  Review Of Amended Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police

3

Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition of cruel and unusual punishment encompasses claims concerning prison officials' attention to the safety of inmates. Prison officials must take reasonable measures to guarantee the safety of prisoners. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, officials have a duty to protect prisoners from violence at the hands of other prisoners. See id. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). A prisoner may state a § 1983 claim against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).

The amended complaint fails to state a claim upon which relief may be granted. Abundis alleges that various defendants failed to add persons to his enemy list. The Eighth Amendment does not command that prison officials prepare and maintain enemy lists nor does it set standards for the inclusion or exclusion of names from any such list. The Amendment requires prison officials to protect prisoners from violence at the hands of other prisoners. There is more than one way than one to protect inmates from each other, and prison officials are not required to take the particular course the prisoner demands. Here, prison officials allegedly refused to update Abundis' enemy list to his satisfaction, but the enemy list he attached to his amended complaint contradicts his claims as it has some of the names on it that he claims prison officials refused to add to it. See Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 674 (2d Cir. 1995) (document will be read to evidence what it incontestably shows once one assumes that it is what the complaint says it is or that it is what it appears to be). Also, his allegations show that steps were taken that might address his enemy concerns, as he was put in administrative segregation and moved to different prisons. Abundis never was attacked by any of his alleged enemies, despite having

4

been through three prisons during the course of more than two years.[1]  The amended complaint will be dismissed.

B.      Miscellaneous Matters

Abundis' motion for default judgment is DENIED.  (Docket # 32.)  At the time Abundis filed the motion, no defendant was in default and default had not been entered.  See Fed. R. Civ. P. 55.  The court had not ordered any service of process on any defendant and no defendant had missed a deadline to respond to the amended complaint.  Moreover, it is doubtful that default is even possible in a prisoner civil rights action if the court does not specifically order an answer from a defendant.  The unusual provisions in 42 U.S.C. § 1997e(g)(1) allow a defendant to "waive the right of reply" in a civil rights action filed by a prisoner, provides that such a waiver is not an admission of the allegations in the complaint, and disallows relief for the plaintiff unless a reply has been filed.  The "reply" referred to in § 1997e(g) appears to be the answer to the complaint.

Abundis sent to the court numerous requests for a copy of the pro se litigant's handbook and "other handbook 1-6 items I get after filing a complaint."  Docket # 29; see, e.g., Docket #s 28, 30, 31, 34.  Due to its length (139 pages), copies of the "Handbook For Litigants Without A Lawyer" are not mailed to individual prisoners.  Court staff has mailed a copy of the handbook to the law library at the prison at which Abundis is now housed, where he may read it for future reference.  The court does not understand the request for "handbook 1-6 items" and therefore cannot respond to it.

Abundis also sent to the court a letter that appears to complain about the way an abstract of judgment was documented by prison officials at Calipatria State Prison.  See Docket # 24.  The court does not understand the problem as Abundis described it but, in any event, it is beyond the scope of this action.  Abundis should bring his concerns about any record-keeping errors to

---

[1] Although a prisoner need not wait until he is actually assaulted to state a claim and obtain injunctive relief, see Farmer, 511 U.S. at 845, there is no basis for injunctive relief against any defendant in this case because plaintiff has been transferred to a different prison at which none of the defendants are employed.

5

the attention of prison officials at the prison at which he is now housed.

## CONCLUSION

For the foregoing reasons, the amended complaint fails to state a claim upon which relief may be granted. Further leave to amend will not be granted because it would be futile; the court has already explained the deficiencies in the pleading and plaintiff was unable to cure them in his amended complaint. This action is DISMISSED. The motion for default judgment is DENIED. (Docket # 32.) The clerk shall close the file.

IT IS SO ORDERED.

Dated: July 2, 2008

_____
SUSAN ILLSTON
United States District Judge